William J. Walsh, Defendant in Error, v. John Hancock Mutual Life Insurance Company, Plaintiff in Error.

## Gen. No. 15,566.

INSURANCE—*effect of false representations.* Representations made in obtaining a policy, if false and known to be false when made, constitute a good defense to an action upon the policy where such representations are material to the risk.

Assumpsit. Error to the Municipal Court of Chicago; the Hon.

Walsh v. John Hancock Mut. L. Ins. Co., 162 Ill. App. 436.

WILLIAM N. GEMMILL, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909.    Reversed with finding of facts.    Opinion filed June 16, 1911.

THURMAN, STAFFORD, HUME & BURRAS, for plaintiff in error.

RICHARD E. BURKE, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff below, William J. Walsh, sued the defendant below, John Hancock Mutual Life Insurance Company, plaintiff in error, in the Municipal Court on a policy issued by the defendant on the life of Mary A. Walsh, wife of William J. Walsh.    The defense to the action is that the applicant for the insurance, Mary A. Walsh, made such false statements in her written application for insurance as to render the policy void.

The assured stated in her application that the time when she had consulted a physician was five years prior to the making of her application, and that the consultation was for confinement; and that within five years prior to the date of the application she had no sickness, ailment, disease, injury or surgical operation, and had not received or applied for treatment at or in any hospital.

The policy lapsed, and the assured made a written application for a reinstatement.    In this she made the same statements as in the original application.    In these applications she warranted the statements to be complete, correct and true, and declared that they should form the basis of and become a part of the contract of insurance.    The original application was incorporated into and made a part of the policy.

The undisputed evidence in the record shows that within less than five months prior to the original application, Mary Walsh, the assured, had consulted two physicians; that they had made a thorough physical examination of her, and found that she had a cancer of the womb, and that within less than five months before the original application was

made, she went to the Lakeside Hospital to have an operation for that disease, but that the operation was not had for the reason that an operation would have meant death within a few days, and that she finally died of that disease.

The trial resulted in a judgment against the defendant, which prosecutes this writ of error to reverse it, claiming that the representations made were material and false, and were known by the assured at the time they were made to be false, and that therefore the verdict and judgment are contrary to the law and the evidence.

In our opinion the representations made by the assured, as set forth above, are shown by the evidence to have been made by her. We are also of the opinion from the evidence that they were false and were known to be false by the assured when they were made. All fair and reasonable minds must come to this conclusion, we think, from the undisputed evidence in the record.

In our opinion the representations were material and being false and known at the time they were made to be false, it follows that the policy sued on was void. The judgment is therefore reversed with a finding of facts.

*Reversed with finding of facts.*